**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3162-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRANK C. MANGIAMELI,

    Defendant-Appellant.

_____

Submitted January 28, 2026 – Decided May 5, 2026

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 23-025J.

Michael Pocchio Jr., attorney for appellant.

Robert J. Carroll, Morris County Prosecutor, attorney for respondent (Michelle Ghali, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Frank C. Mangiameli was arrested and charged with several motor-vehicle offenses. After denying defendant's motion to suppress, a municipal court judge conducted a trial and convicted defendant of driving while intoxicated (DWI), N.J.S.A. 39:4-50; driving while suspended, N.J.S.A. 39:3-40; having control of an unregistered vehicle, N.J.S.A. 39:3-4; and failing to install an ignition interlock device on a motor vehicle, N.J.S.A. 39:4-50.19. The municipal court judge acquitted him of the other charges. Defendant appealed the convictions to the Law Division. After conducting a trial de novo, the Honorable Claudia R. Jones issued a May 14, 2024 decision and entered a May 15, 2024 order, finding defendant guilty of the same offenses and imposing the same sentence the municipal court judge had imposed for those convictions.

Defendant appeals from that order, presenting the following arguments for our consideration, which we recite verbatim:

> POINT ONE
> THE STATE INITIATED A "TERRY" STOP WITHOUT SPECIFIC AND ARTICULABLE FACTS RECOGNIZED IN NEW JERSEY THAT GIVE RISE TO A REASONABLE SUSPICION OF DWI
>
> SUBPOINT A
> BEFORE INITIATING [STANDARD FIELD SOBRIETY TESTS (SFST's)], OFFICER BRUCE SAW NO INDICIA OF IMPAIRMENT

SUBPOINT B
OFFICER LEE DEVIATED FROM PROTOCOL TO CONDUCT [HORIZONTAL GAZE NYSTAGMUS] TESTING, AND STATED THE ODOR OF ALCOHOL, TALKING AND WALKING BACKWARD WHEN APPROACHED WERE THE ONLY THINGS HE NOTICED ABOUT THE DEFENDANT AND MADE NO INDEPENDENT DECISION TO CONDUCT FIELD TESTS

SUBPOINT C
BEFORE INITIATING SFST's, OFFICER CLARKE SAW NO INDICIA OF IMPAIRMENT OTHER THAN THE FACT THAT THERE WAS A SUSPENDED LICENSE AND AN ODOR OF ALCOHOL

SUBPOINT D
NO NEW JERSEY COURT HAS RECOGNIZED THE ESCALATION TO A TERRY STOP BASED ON THE LACK OF ANY REASONABLE AND ARTICULABLE SUSPICION AS IS THE CASE HERE

We affirm the order substantially for the reasons set forth in Judge Jones's comprehensive written opinion.

Using a mobile data terminal (MDT), police officers discovered a motorcycle operator's license had been suspended. Defendant was the motorcycle operator. The officers approached him in a parking lot where the motorcycle was parked, detected the odor of alcohol on his breath, and noticed he was slurring his words. Defendant admitted he had consumed alcohol.

3

Another officer conducted field sobriety tests and also observed signs defendant was intoxicated.  The municipal court judge found the officers' testimony to be "extremely credible," and the Law Division judge adopted those credibility findings.  We have no basis to disturb those credibility determinations.  See State v. Locurto, 157 N.J. 463, 474 (1999) (finding "[u]nder the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error"); see also State v. Robertson, 228 N.J. 138, 148 (2017) (same).

Defendant acknowledges in his merits brief that the officers' initial interaction with him after the MDT indicated his license was suspended constituted a "legitimate stop."  See State v. Williams, 254 N.J. 8, 16 (2023) (finding "an MDT query revealing [license-suspension] information provides constitutionally valid reasonable suspicion authorizing the officer to stop the vehicle"); State v. Donis, 157 N.J. 44, 58 (1998) (holding information from an MDT about a license suspension "gave rise to the reasonable suspicion that the vehicle was driven in violation of the motor vehicle laws and was in itself sufficient to justify a stop").  Defendant faults the officers for "escalat[ing]" that

4

legitimate stop and challenges whether they had reasonable articulable suspicion to proceed with a DWI investigation.

The law is clear.

> Even though the initial stop was for a motor vehicle violation, a police officer is not precluded from broadening the inquiry of his stop "[i]f, during the inquiries initiated by the officer, the circumstances give rise to suspicions unrelated to the traffic offense."
>
> State v. Bernokeits, 423 N.J. Super. 365, 371 (App. Div. 2011) (quoting State v. Dickey, 152 N.J. 468, 479-80 (1998)) (internal quotation marks omitted).

A police officer may "continue to detain a motorist" if the officer has "a reasonable, articulable suspicion that the person is involved in criminal or unlawful activity beyond that which initially justified the stop." Id. at 371-72 (emphasis omitted).

The evidence in this case is clear. See State v. Monaco, 444 N.J. Super. 539, 549 (App. Div. 2016) ("In reviewing a trial court's decision on a municipal appeal, we determine whether sufficient credible evidence in the record supports the Law Division's decision."). The police officers credibly testified they observed indicia of intoxication, including an odor of alcohol on defendant's breath. As captured on a video recording from an officer's body-worn camera, defendant told the officer he had been drinking alcohol earlier that day. The

5

credible evidence presented by the State supported Judge Jones's findings, including her conclusion the police officers had "sufficient grounds for a DWI investigation." See Bernokeits, 423 N.J. Super. at 376 (finding police "officer had a reasonable articulable suspicion that defendant was driving while intoxicated" when defendant had admitted to consuming alcohol and had an odor of alcohol on his breath); State v. Adubato, 420 N.J. Super. 167, 181-82 (App. Div. 2011) (same).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-3162-23